EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
NOEL M. HICKS, CA Bar No. 310521
noel.hicks@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
PENSKE TRUCK LEASING Co., L.P.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ZAMORA, GABRIEL LOAIZA, and JORGE GUILLEN, individuals, on behalf of themselves and on behalf of all other persons similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>PENSKE TRUCK LEASING CO., L.P., a Limited Partnership; and DOES 1-50, inclusive,<br><br>                Defendants. | Case No. 2:20-cv-02503 ODW (MRWx)<br><br>**DECLARATION OF EVAN R. MOSES IN SUPPORT OF DEFENDANT PENSKE TRUCK LEASING CO., L.P.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND 28 U.S.C. §§ 1447**<br><br>Date:        May 18, 2020<br>Time:        1:30 p.m.<br>Place:       Courtroom 5D<br>             350 W. First Street<br>             Los Angeles, CA 90012<br><br>[Filed concurrently with Defendant's Opposition to Plaintiffs' Motion to Remand, Request for Judicial Notice, Declaration of Joseph Crock, PhD, and Declaration of Charles Weber]<br><br>Complaint Filed: January 31, 2020<br>Trial Date:      None<br>District Judge:  Hon. Otis D. Wright, II<br>                 Courtroom 5D, First St.<br>Magistrate Judge: Hon. Michael R. Wilner<br>                 Courtroom 550, Roybal |

## **DECLARATION OF EVAN R. MOSES**

I, Evan R. Moses, hereby declare and state as follows:

1.       I am an attorney at law duly licensed and admitted to the United States District Court for the Central District of California.  I am a shareholder with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., counsel for Defendant Penske Truck Leasing Co., L.P. ("Defendant" or "PTL").  I am sufficiently familiar with the facts and circumstances reflected below surrounding this litigation that if called to testify I could and would competently do so under oath.

2.       In connection with this litigation, I requested that PTL provide electronic records, pulled from its existing databases, relating to California non-exempt employees (the "putative class members") between the period January 1, 2016 through April 22, 2020 (the "Relevant Period") from PTL.

3.       In response to my request, I received from PTL (via a secure transfer protocol) spreadsheets containing the following categories of information: (a) the total number of hours of work recorded by each putative class member each day during the Relevant Period; (b) the dates of termination of each putative class member; and (c) the rates of pay of each putative class member each during the Relevant Period.

4.       I securely transmitted the data I received from PTL, without any edits or revisions, to Dr. Joseph Krock, a senior economist at the Claro Group, who holds a Ph.D. in economics and specializes in applying advances statistical techniques to wage and hour matters.

5.       On March 4, 2020, counsel for PTL, Brooks Miller, sent an email (cc'ing me) to Plaintiffs' counsel, Nicholas De Blouw.  The email inquired if Plaintiffs were offering to stipulate to an amount in controversy below $5 million. Attached hereto as Exhibit A is a true and correct copy of that email.

/ / /

1

6.     On March 6, 2020, Plaintiffs' counsel responded they were interested in entertaining the proposed stipulation and requested the number of employees and workweeks in the class. Attached hereto as Exhibit B is a true and correct copy of that email.

7.     The same day, I responded by an email asking how Plaintiffs defined the class, and indicated that PTL believes the class should be limited to auto technicians. Attached hereto as Exhibit C is a true and correct copy of that email.

8.     On March 9, 2020, Plaintiffs' counsel responded by an email: (a) stating that Plaintiffs intend to pursue a broad class definition; and (b) equivocally stating that the parties might "assume" an amount in controversy below $5 million. Attached hereto as Exhibit D is a true and correct copy of that email.

9.     As of the time of this filing, Plaintiffs' counsel have not agreed to abandon and agree not to recover an amount in controversy $5 million or more.


I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.


Executed on April 27, 2020, at Los Angeles, California.


/s/Evan R Moses
Evan R. Moses

42641773.2

2

# EXHIBIT A

**From:** Miller, M. Brooks
**Sent:** Wednesday, March 4, 2020 9:53 AM
**To:** Nick@bamlawca.com
**Cc:** Moses, Evan R.; Asper, Lucas J.
**Subject:** Angel Zamora v. Penske Truck Leasing Co., LP

Mr. De Blouw,

I am working with Evan Moses on the above referenced matter. We see in the Complaint at paragraph 6 that Plaintiffs allege that the amount in controversy is under $5,000,000. Accordingly, are Plaintiffs willing to enter into a stipulation that that they will abandon and agree not to recover any amount over $4,999,999.99? Please confirm.

Thank you,
Brooks
**M. Brooks Miller | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
The Ogletree Building, 300 North Main Street, Suite 500 | Greenville, SC 29601 | Telephone: 864-240-5616 | Fax: 864-235-8806
brooks.miller@ogletree.com | www.ogletree.com | Bio

1

# EXHIBIT B

**From:** AJ B <aj@bamlawca.com>
**Sent:** Friday, March 6, 2020 12:53 PM
**To:** Miller, M. Brooks
**Cc:** Moses, Evan R.; Norm Blumenthal; Kyle Nordrehaug; Nicholas De Blouw; Jeffrey Herman
**Subject:** Zamora v. Penske

Brooks:

I am interested in entertaining your stipulation that you proposed.  In advance of reviewing this stipulation, could you please let me know the number of employees and workweeks in the class?

Thanks,

-AJ

EXHIBIT B
PAGE 6

# EXHIBIT C

EXHIBIT C
PAGE 7

**From:** Moses, Evan R.
**Sent:** Friday, March 6, 2020 1:28 PM
**To:** AJ B; Miller, M. Brooks
**Cc:** Norm Blumenthal; Kyle Nordrehaug; Nicholas De Blouw; Jeffrey Herman
**Subject:** RE: Zamora v. Penske

Hi, AJ.

We're in the process of gathering that information for removal purposes.   The answer will depend on how you are defining the class.  As we started to discuss earlier this week, we think the case should be limited to just auto techs.  If you are talking about all non-exempts in California, that will be a larger group.   Let us know which you are asking for.  Thanks.

**From:** AJ B <aj@bamlawca.com>
**Sent:** Friday, March 6, 2020 12:53 PM
**To:** Miller, M. Brooks <brooks.miller@ogletreedeakins.com>
**Cc:** Moses, Evan R. <Evan.Moses@ogletreedeakins.com>; Norm Blumenthal <Norm@bamlawca.com>; Kyle Nordrehaug <kyle@bamlawca.com>; Nicholas De Blouw <DeBlouw@bamlawca.com>; Jeffrey Herman <jeffrey@bamlawca.com>
**Subject:** Zamora v. Penske

Brooks:

I am interested in entertaining your stipulation that you proposed.  In advance of reviewing this stipulation, could you please let me know the number of employees and workweeks in the class?

Thanks,

-AJ

1

EXHIBIT C
PAGE 8

# EXHIBIT D

**From:** AJ B <aj@bamlawca.com>
**Sent:** Monday, March 9, 2020 1:46 PM
**To:** Moses, Evan R.; Miller, M. Brooks
**Cc:** Norm Blumenthal; Kyle Nordrehaug; Nicholas De Blouw; Jeffrey Herman
**Subject:** RE: Zamora v. Penske

Evan:

The claim applicable to the employees other than auto techs would be the rest period claim that would apply to only those employees who received the policy as stated in the attachment mandating that "While on breaks, associates are required to remain on company premises unless authorized to leave by the employer." I do not want to speculate or engage in conjecture about how many of these employees would comprise the "larger group."

I think you are correct that the auto techs would be the only ones to have the claim that at some point Defendant may have failed to pay twice the minimum wage while requiring them to provide their own hand tools. I am still trying to ascertain the pay periods when that happened and do not think the claim could be applied beyond those certain pay periods without engaging in conjecture or speculation.

I would say that we can both safely assume without conjecture that the amount in controversy would be under $5 million.

Thank you,

-AJ

**From:** Moses, Evan R. [mailto:evan.moses@ogletree.com]
**Sent:** Friday, March 06, 2020 1:28 PM
**To:** AJ B; Miller, M. Brooks
**Cc:** Norm Blumenthal; Kyle Nordrehaug; Nicholas De Blouw; Jeffrey Herman
**Subject:** RE: Zamora v. Penske

Hi, AJ.

We're in the process of gathering that information for removal purposes.   The answer will depend on how you are defining the class.  As we started to discuss earlier this week, we think the case should be limited to just auto techs.  If you are talking about all non-exempts in California, that will be a larger group.   Let us know which you are asking for.  Thanks.

**From:** AJ B <aj@bamlawca.com>
**Sent:** Friday, March 6, 2020 12:53 PM
**To:** Miller, M. Brooks <brooks.miller@ogletreedeakins.com>
**Cc:** Moses, Evan R. <Evan.Moses@ogletreedeakins.com>; Norm Blumenthal <Norm@bamlawca.com>; Kyle Nordrehaug <kyle@bamlawca.com>; Nicholas De Blouw <DeBlouw@bamlawca.com>; Jeffrey Herman <jeffrey@bamlawca.com>
**Subject:** Zamora v. Penske

1

Brooks:

I am interested in entertaining your stipulation that you proposed.  In advance of reviewing this stipulation, could you please let me know the number of employees and workweeks in the class?

Thanks,

-AJ

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

2