EVAN R. MOSES CA Bar No. 198099
evan.moses@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendant
PENSKE TRUCK LEASING Co., L.P.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL ZAMORA, GABRIEL LOAIZA, and JORGE GUILLEN, individuals, on behalf of themselves and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PENSKE TRUCK LEASING CO., L.P., a Limited Partnership; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:20-cv-02503 ODW (MRWx)<br><br>**DECLARATION OF CHARLES WEBER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND 28 U.S.C. §§ 1447**<br><br>[Filed concurrently with Defendant's Opposition to Plaintiffs' Motion to Remand, Declaration of Evan R. Moses, Declaration of Joseph Krock, PhD]<br><br>Complaint Filed: January 30, 2020<br>Trial Date: None |

Case No. _____

# DECLARATION OF CHARLES WEBER

I, Charles Weber, declare and state as follows:

1. I am employed by Penske Truck Leasing Co., L.P. ("Defendant" or "PTL"), the defendant in this action, as its Manager of Payroll Systems and Compliance. This declaration is based on my personal knowledge or review of the business records of PTL, and if called upon to testify as to the facts set forth in this declaration, I could and would competently testify to them.

2. I have been employed by PTL since June 26, 1995. In my position as Manager of Payroll Systems and Compliance, I am familiar with PTL's payroll database and policies and procedures, including the policies and procedures related to timekeeping requirements and the recordation of time. I am also familiar and have access to PTL's human resources management system, payroll system, and employee timekeeping system.

3. In connection with this litigation, I was asked to access the company's electronic database records relating to California non-exempt employees (the "putative class members") between the period January 1, 2016 through April 22, 2020 (the "Relevant Period"). Specifically, I was asked to obtain data reflecting: (a) the total number of hours of work recorded by each putative class member each day during the Relevant Period; (b) the dates of termination of each putative class member; and (c) the rates of pay of each putative class member each day during the Relevant Period.

4. The total number of hours recorded by each former and current employee during the relevant time period is stored in PTL's electronic payroll database. Employee payroll information is stored in PTL's electronic payroll database. Personnel history information, including dates of termination, is stored in PTL's electronic human resources information database.

5. The information maintained in these databases are records made in the regular course and scope of PTL's business.

6. Between April 16, 2020 and April 22, 2020, I accessed databases described above to obtain the three categories of data identified in Paragraph 3. Specifically, I pulled the data off of the relevant database in its native format and saved it as electronic files. I did not manipulate or alter in any way the data I obtained. I saved it exactly as I pulled it from our systems.

7. Once I pulled the data, I had it securely transmitted to our legal counsel in this lawsuit.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration was executed on this 24th day of April, 2020, at Limekiln, Pennsylvania.

*Charles Weber*
CHARLES WEBER

42622316.1