1

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
2   Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3   Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
4 La Jolla, CA 92037
Telephone: (858)551-1223
5 Facsimile: (858) 551-1232
Website: www.bamlawca.com
6
Attorneys for Plaintiffs
7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| ANGEL ZAMORA, GABRIEL LOAIZA and JORGE GUILLEN, individuals, on behalf of themselves and on behalf of all persons similarly situated, | Case No. 2:20-cv-02503-ODW(MRWx) |
| | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
| Plaintiffs, | 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; |
| vs. | 2. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq.*; |
| PENSKE TRUCK LEASING CO., L.P., a Limited Partnership, | 3. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; |
| Defendant. | 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| | 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |
| | 6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; |
| | 7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and, |
| | 8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203. |
| | **DEMAND FOR A JURY TRIAL** |

1
FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Angel Zamora, Gabriel Loaiza, and Jorge Guillen ("PLAINTIFFS"), individuals, on behalf of themselves and all other similarly situated current and former employees, allege on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

## **THE PARTIES**

1.      Defendant Penske Truck Leasing Co., L.P.  is a limited partnership that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.      DEFENDANT counts full-service commercial truck leasing, truck fleet maintenance, truck rentals and used truck sales among its services.

3.      Plaintiff Zamora was employed by DEFENDANT from November of 2018 to January of 2020 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required rest periods and payment of minimum and overtime wages due for all time worked.

4.      Plaintiff Loaiza has been employed by DEFENDANT from January of 2017 as a Technician and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required rest periods and payment of minimum and overtime wages due for all time worked.

5.      Plaintiff Guillen has been employed by DEFENDANT from March of 2016 as a Technician and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required rest periods and payment of minimum and overtime wages due for all time worked.

6.      PLAINTIFFS bring this Class Action on behalf of themselves and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date  four (4) years prior to the filing of this Complaint and ending on

the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

7.     PLAINTIFFS bring this Class Action on behalf of themselves and a CALIFORNIA CLASS in order to fully compensate for the California labor Code violations stemming from DEFENDANT's failure to indemnify employees for hand tools and equipment or, in the alternative, pay two times the minimum wage, failure to provide meal and rest periods, and failure to pay minimum and overtime wages to PLAINTIFFS and the CALIFORNIA CLASS.  DEFENDANT's policy and practice alleged herein is an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFFS and the other members of the CALIFORNIA CLASS.  PLAINTIFFS and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

8.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## **THE CONDUCT**

9.     During the CALIFORNIA CLASS PERIOD, during their employment with DEFENDANT, PLAINTIFF and CALIFORNIA CLASS Members have been required to supply

FIRST AMENDED CLASS ACTION COMPLAINT

their own hand tools and equipment to service and repair vehicles for DEFENDANT's customers. In fact, DEFENDANT's own job description states that an Auto Technician working for DEFENDANT must "[h]ave required tools to perform all maintenance and repair work as required by the vehicles operating within the district." Despite requiring PLAINTIFFS and CALIFORNIA CLASS Members to supply their own tools and equipment to perform the job, DEFENDANT fails to pay at least two times the minimum wage to PLAINTIFFS and CALIFORNIA CLASS Members as mandated by the Industrial Welfare Commission Wage Orders .

10. During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFFS and the other members of the CALIFORNIA CLASS for all time worked. DEFENDANT unlawfully and unilaterally fails to accurately calculate minimum and overtime wages for time worked by PLAINTIFFS and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct minimum and overtime compensation. As a result, PLAINTIFFS and the other members of the CALIFORNIA CLASS forfeited wages due them. DEFENDANT's policy and practice to not pay the members of the CALIFORNIA CLASS the correct minimum and overtime wages for all time worked in accordance with applicable law is evidenced by DEFENDANT's business records. This policy and practice of DEFENDANT was intended to purposefully avoid the payment of the correct compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.

11. During the CALIFORNIA CLASS PERIOD, DEFENDANT fails to accurately record and pay PLAINTIFFS and other CALIFORNIA CLASS Members for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work.

1   DEFENDANT requires these employees to work off the clock without paying them for all the
2   time they were under DEFENDANT's control.  Specifically, DEFENDANT from time to time
3   requires PLAINTIFFS to work while clocked out during what was supposed to be
4   PLAINTIFFS' off-duty meal breaks.  PLAINTIFFS are from time to time interrupted by work
5   assignments.  PLAINTIFFS work on DEFENDANT's Los Angeles County Sheriff's fleet
6   maintenance team.  As part of their job tasks for DEFENDANT, PLAINTIFFS repair and
7   maintain police vehicles for Los Angeles County.  Throughout their employment and more
8   specifically for an example, in or around June and July of 2019, PLAINTIFFS would clock out
9   for their meal periods but continue to work for DEFENDANT as directed by DEFENDANT.
10  PLAINTIFFS' supervisor would direct them to work on police cars that came into
11  DEFENDANT's shop while PLAINTIFFS were already clocked out for their off duty meal
12  periods.  PLAINTIFFS did not clock back into DEFENDANT's timekeeping system when
13  performing this maintenance and repair throughout their employment and more specifically in
14  June and July of 2019 as directed by DEFENDANT's supervisors.  This repair included but was
15  not limited to checking engine lights, maintaining the vehicle's tires, replacing headlights and/or
16  batteries on the car.  Further, another job task performed by PLAINTIFFS was to travel to
17  various dealerships for DEFENDANT to pick up vehicles that required warranty work.
18  PLAINTIFFS' shifts in or around June and July of 2019 would from time to time start at
19  6:00a.m and PLAINTIFFS did not take a meal period until after 11:00a.m. due to
20  DEFENDANT's requirement that they complete certain job tasks as described herein.
21  PLAINTIFFS would perform work at DEFENDANT's location at 1104 N. Eastern Avenue in
22  Los Angeles County and then later in the morning travel to dealerships to pick up vehicles that
23  required warranty work.  Typically, the dealerships were approximately thirty minutes away
24  from DEFENDANT's work site described above.  There were days in June of 2019 and July
25  of 2019 and also continuing throughout the rest of their employment, where PLAINTIFFS
26  would arrive back at DEFENDANT's location with the cars and PLAINTIFFS had already
27  worked over five (5) hours for the shift but were not able to take a meal period because they
28

1  were on the road driving for DEFENDANT.  Additionally, PLAINTIFFS had no way to swipe

2  their badge out for a meal period because they were not at the facility but rather were driving

3  on the road for DEFENDANT.  PLAINTIFFS estimate that they spent twenty (20) to thirty (30)

4  minutes off the clock per workweek with DEFENDANT as a result of the job tasks described

5  herein.  In these circumstances, DEFENDANT would unilaterally modify PLAINTIFFS time

6  records to make it look as though PLAINTIFFS took a meal period prior to their fifth hour of

7  work, but in fact PLAINTIFFS were working for DEFENDANT and PLAINTIFFS did not take

8  a meal prior to their fifth (5th) hour of work for the work shift.  On these days, DEFENDANTS

9  failed to pay PLAINTIFFS a meal break penalty and also failed to pay PLAINTIFFS the proper

10  minimum and overtime wages as PLAINTIFFS were working off the clock on the road but

11  DEFENDANT had them clocked out of DEFENDANT's timekeeping system.   Indeed there

12  were days where PLAINTIFFS did not even receive a partial lunch.  As a result, PLAINTIFFS

13  and other CALIFORNIA CLASS Members forfeit minimum wage and overtime compensation

14  by working from time to time without their time being accurately recorded and without

15  compensation at the applicable minimum wage and overtime rates. To the extent that the time

16  worked off the clock did not qualify for overtime premium payment, DEFENDANT failed to

17  pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194,

18  1197, and 1197.1.

19         12.     As a result of their rigorous work schedules and the facts described herein in

20  paragraph number 11, PLAINTIFFS and other CALIFORNIA CLASS Members are also from

21  time to time unable to take off duty meal breaks and are not fully relieved of duty for meal

22  periods.  PLAINTIFFS and other CALIFORNIA CLASS Members are from time to time

23  required to perform work as ordered by DEFENDANT for more than five (5) hours during a

24  shift without receiving an off-duty meal break.  Further, DEFENDANT fails to provide

25  PLAINTIFFS and CALIFORNIA CLASS Members with a second off-duty meal period from

26  time to time in which these employees are required by DEFENDANT to work ten (10) hours

27  of work. PLAINTIFFS and the other CALIFORNIA CLASS Members therefore forfeit meal

28

FIRST AMENDED CLASS ACTION COMPLAINT

breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

13.     During the CALIFORNIA CLASS PERIOD, PLAINTIFFS and other CALIFORNIA CLASS Members are from time to time also required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees are denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFFS and other CALIFORNIA CLASS Members are also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members are periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.  Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control.  In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period.  Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back.  Here, DEFENDANT's policy restricts PLAINTIFFS and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which requires PLAINTIFFS and other CALIFORNIA CLASS Members to remain on the work premises during their rest period.  A true and correct copy of DEFENDANT's rest break policy is attached hereto as **Exhibit #1**.  In or around June and July of 2019 and continuing throughout the rest of their employment, PLAINTIFFS followed DEFENDANT's uniform policy and remained on DEFENDANT's premises for the duration

of their rest periods.  During the time in which PLAINTIFFS should have been on their off duty paid rest periods, police cars would arrive with maintenance requests and because PLAINTIFFS were required to remain on the premises by DEFENDANT's managers and DEFENDANT's company policy, PLAINTIFFS would also then be required to perform maintenance work as needed and directed by PLAINTIFFS' supervisors.  This maintenance work included, but was not limited to, replacing batteries, changing tires, replacing headlights and tail lights, and or performing other diagnostic testes on the vehicles. PLAINTIFFS were never paid rest period violation penalties by DEFENDANTS for these interrupted rest periods in June and July of 2019 and continuing throughout the rest of their employment with DEFENDANT.

14.    DEFENDANT intentionally and knowingly fails to reimburse and indemnify PLAINTIFFS and the other CALIFORNIA CLASS Members for required business expenses incurred by  PLAINTIFFS and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

15.    In the course of their employment PLAINTIFFS and other CALIFORNIA CLASS Members as a business expense, are required by DEFENDANT to purchase and supply their own tools and equipment that are necessary to perform services as auto technicians for DEFENDANT.  DEFENDANT violated Cal. Lab. Code. Section 2802 and IWC Wage Order Section 9(B) with respect to PLAINTIFFS and CALIFORNIA CLASS Members because DEFENDANT requires these employees to supply their own tools and equipment to perform services for DEFENDANT but fails to reimburse for such expenses, or, in the alternative, pay PLAINTIFF and CALIFORNIA CLASS Members at least two time the minimum wage.  As a

1   result, in the course of their employment with DEFENDANT, PLAINTIFFS and other members

2   of the CALIFORNIA CLASS incurred unreimbursed business expenses which include, but are

3   not limited to, costs related to the purchase of their own tools and equipment all on behalf of

4   and for the benefit of DEFENDANT.

5         16.     From time to time, DEFENDANT also fails to provide PLAINTIFFS and the

6   other members of  the CALIFORNIA CLASS with complete and accurate wage statements

7   which failed to show, among other things, the correct gross and net wages earned and correct

8   amount of time worked.  Cal. Lab. Code § 226 provides that every employer shall furnish each

9   of his or her employees with an accurate itemized wage statement in writing showing, among

10  other things, gross wages earned and all applicable hourly rates in effect during the pay period

11  and the corresponding amount of time worked at each hourly rate.  Specifically, DEFENDANT

12  violated Section 226 by failing to identify the correct rates of pay and number of hours worked,

13  including for the "Retro Pay," item of pay, which is a wage payment.  DEFENDANT issued

14  Plaintiff Loaiza a wage statement in February 22, 2019 that listed a line item "Retro Pay" in the

15  amount of $471.37. DEFENDANT failed to list any hours worked or rate at which this money

16  was earned associated with this wage payment in violation of Cal. Lab. Code 226(a)(9).  A true

17  and correct copy of Plaintiff Loaiza's wage statement issued on February 22, 2019 is attached

18  hereto as **Exhibit #2**.   DEFENDANT issued Plaintiff Guillen a wage statement on September

19  27, 2019 that listed a line item entitled "Retro Pay" in the amount of $3,170.90.  DEFENDANT

20  failed to list any hours worked or rate at which this money was earned associated with this

21  wage payment in violation of Cal. Lab. Code 226(a)(9).  A true and correct copy of Plaintiff

22  Guillen's wage statement issued on September 27, 2019 is attached hereto as **Exhibit #3**.

23  Additionally, for the reasons set forth in paragraphs Numbers 11, 12, and 13 of this Complaint

24  regarding PLAINTIFFS being required to work of the clock and not be paid the correct

25  minimum and overtime wages, DEFENDANT issued pay statements to PLAINTIFFS that failed

26  to list the correct gross wages earned in violation of Cal. Lab. Code Section 226(a)(1).  Aside,

27  from the violations listed above in this paragraph, DEFENDANT fails to issue to PLAINTIFFS

28

an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provides PLAINTIFFS and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

17.     By reason of this conduct applicable to PLAINTIFFS and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure alleged herein.   As a result of DEFENDANT's intentional disregard of the obligation to meet thier burden, DEFENDANT failed to properly calculate and/or pay all required minimum wage and overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

18.     To date, DEFENDANT has yet to pay Plaintiff Zamora all of his minimum and overtime wages due to him and DEFENDANT has failed to pay any penalties owed to him under California Labor Code Section 203.   The amount in controversy for PLAINTIFFS individually do not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

19.     This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

20.     Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district.

///

///

**THE CALIFORNIA CLASS**

21.     PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

22.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

23.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays",  and further that  "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..."  (Lab. Code § 510(a).)  Neither the PLAINTIFFS nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

24.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare

Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate and record minimum wage and overtime compensation for overtime worked by PLAINTIFFS and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

25.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked. DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid the applicable overtime rate for all overtime worked, so as to satisfy their burden.  This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

26.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

27.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all minimum and overtime wages due the CALIFORNIA CLASS for all time worked, and failed to accurately record the applicable rates of all overtime worked by the CALIFORNIA CLASS;

(b)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

12

unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFFS and the members of the CALIFORNIA CLASS;

(c)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(e)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

28.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFFS, like all the other members of the CALIFORNIA CLASS, were subjected to the employment practices of DEFENDANT and were non-exempt employees paid on an hourly basis who were subjected to the DEFENDANT's practice and policy which fails to pay the correct rate of wages due to the

CALIFORNIA CLASS for all time worked by the CALIFORNIA CLASS and thereby underpays compensation to the CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFFS and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

29.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be

14

1    dispositive of interests of the other members not party to the

2    adjudication or substantially impair or impede their ability to

3    protect their interests.

4    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to

5    act on grounds generally applicable to the CALIFORNIA CLASS, making

6    appropriate class-wide relief with respect to the CALIFORNIA CLASS

7    as a whole in that DEFENDANT failed to pay all wages due. Including

8    the correct overtime rate, for all worked by the members of the

9    CALIFORNIA CLASS as required by law;

10    1)    With respect to the First Cause of Action, the final relief on behalf

11    of the CALIFORNIA CLASS sought does not relate exclusively to

12    restitution because through this claim PLAINTIFFS seek

13    declaratory relief holding that the DEFENDANT's policy and

14    practices constitute unfair competition, along with declaratory

15    relief, injunctive relief, and incidental equitable relief as may be

16    necessary to prevent and remedy the conduct declared to constitute

17    unfair competition;

18    (c)    Common questions of law and fact exist as to the members of the

19    CALIFORNIA CLASS, with respect to the practices and violations of

20    California law as listed above, and predominate over any question

21    affecting only individual CALIFORNIA CLASS Members, and a Class

22    Action is superior to other available methods for the fair and efficient

23    adjudication of the controversy, including consideration of:

24    1)    The interests of the members of the CALIFORNIA CLASS in

25    individually controlling the prosecution or defense of separate

26    actions in that the substantial expense of individual actions will be

27    avoided to recover the relatively small amount of economic losses

28

FIRST AMENDED CLASS ACTION COMPLAINT

sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3)

30.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)  The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)  The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)  PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)  There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)  There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)  DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

31.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's conduct as herein alleged.  PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

32.     PLAINTIFFS further bring the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period beginning on the date three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3). The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

33.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate overtime compensation for the overtime worked by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and

permitted or suffered to permit this overtime work.   DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members overtime wages at the correct amount to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

34.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's conduct as herein alleged.  PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

35.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

36.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay minimum wage and overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)     Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(c)     Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS;

(d)     Whether DEFENDANT failed to provide PLAINTIFFS and the other

FIRST AMENDED CLASS ACTION COMPLAINT

members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

(e)     Whether DEFENDANT failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(f)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(g)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)     Whether DEFENDANT's conduct was willful.

37.     DEFENDANT failed to accurately calculate minimum wage and overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members.   All of the CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFFS, were auto technicians who were paid on an hourly basis by DEFENDANT according to company procedures as alleged herein above.  This business practice was applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

38.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 510, *et seq*., by failing to accurately pay PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(b)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq*., by failing to accurately pay PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

FIRST AMENDED CLASS ACTION COMPLAINT

(c) Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFFS and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(d) Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties;

(e) Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee and,

(f) Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

39. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a) The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the

1          CALIFORNIA LABOR SUB-CLASS;

2     (c)   The claims of the representative PLAINTIFFS are typical of the claims of

3          each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS,

4          like all the other members of the CALIFORNIA LABOR SUB-CLASS,

5          were non-exempt employees paid on an hourly basis and subjected to the

6          DEFENDANT's practice and policy which failed to pay the correct wages

7          due to the CALIFORNIA LABOR SUB-CLASS for all time worked.

8          PLAINTIFFS sustained economic injury as a result of DEFENDANT's

9          employment practices.   PLAINTIFFS and the members of the

10          CALIFORNIA LABOR SUB-CLASS were and are similarly or identically

11          harmed by the same unlawful, deceptive, unfair misconduct engaged in by

12          DEFENDANT; and,

13     (d)   The representative PLAINTIFFS will fairly and adequately represent and

14          protect the interest of the CALIFORNIA LABOR SUB-CLASS, and have

15          retained counsel who are competent and experienced in Class Action

16          litigation.   There are no material conflicts between the claims of the

17          representative PLAINTIFFS and the members of the CALIFORNIA

18          LABOR SUB-CLASS that would make class certification inappropriate.

19          Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

20          assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

21     40.   In addition to meeting the statutory prerequisites to a Class Action, this action is

22   properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in

23   that:

24     (a)   Without class certification and determination of declaratory, injunctive,

25          statutory and other legal questions within the class format, prosecution of

26          separate actions by individual members of the CALIFORNIA LABOR

27          SUB-CLASS will create the risk of:

28

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)     Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of

economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

    2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

        A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

        B.    Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    3)    In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

    4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

41.    This Court should permit this action to be maintained as a Class Action pursuant

to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

    (a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

    (b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

    (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

    (d)    PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

    (e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

    (f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

    (g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

FIRST AMENDED CLASS ACTION COMPLAINT

CLASS as a whole;

(h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members classified as non-exempt employees during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## FIRST CAUSE OF ACTION

### For Unlawful Business Practices

**[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

**(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**

42.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

43.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

44.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real

26

1     or personal, which may have been acquired by means of such unfair competition.

2 Cal. Bus. & Prof. Code § 17203.

3     45.    By the conduct alleged herein, DEFENDANT has engaged and continues to

4 engage in a business practice which violates California law, including but not limited to, the

5 applicable Wage Order(s), the California Code of Regulations and the California Labor Code

6 including Sections 204, 206.5, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2802, for which

7 this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code

8 § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair

9 competition, including restitution of wages wrongfully withheld.

10     46.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

11 unfair in that these practices violated public policy, were immoral, unethical, oppressive,

12 unscrupulous or substantially injurious to employees, and were without valid justification or

13 utility for which this Court should issue equitable and injunctive relief pursuant to Section

14 17203 of the California Business & Professions Code, including restitution of wages wrongfully

15 withheld.

16     47.    By the conduct alleged herein, DEFENDANT's practices are deceptive and

17 fraudulent in that DEFENDANT's policy and practice fails to pay PLAINTIFFS, and other

18 members of the CALIFORNIA CLASS, minimum and overtime wages due for overtime

19 worked, fails to accurately to record the applicable rate of all time worked, and fails to supply

20 these employees with hand tools and equipment to service and repair vehicles for

21 DEFENDANT's customers, or in the alternative pay at least two times the minimum wage, due

22 to a miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal.

23 Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§

24 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant

25 to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

26     48.    By the conduct alleged herein, DEFENDANT's practices are also unlawful,

27 unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and

28

the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT. Specifically, DEFENDANT from time to time requires PLAINTIFFS to work while clocked out during what was supposed to be PLAINTIFFS' off-duty meal break. PLAINTIFFS are from time to time interrupted by work assignments. PLAINTIFFS work on DEFENDANT's Los Angeles County Sheriff's fleet maintenance team. As part of their job tasks for DEFENDANT, PLAINTIFFS repair and maintain police vehicles for Los Angeles County. Throughout their employment and more specifically for an example, in or around June and July of 2019, PLAINTIFFS' would clock out for their meal periods but continue to work for DEFENDANT. PLAINTIFFS' supervisor would direct them to work on police cars that came into DEFENDANT's shop while PLAINTIFFS' were already clocked out for their off duty meal periods. PLAINTIFFS did not clock back into DEFENDANT's timekeeping system when performing this maintenance and repair throughout their employment and more specifically in June and July of 2019 as DEFENDANT instructed them not to. This repair included but was not limited to checking engines lights, maintaining the vehicle's tires, replacing headlights and/or batteries on the car. Further, another job task performed by PLAINTIFFS was to travel to various dealerships for DEFENDANT to pick up vehicles that required warranty work. PLAINTIFFS' shifts in or around June and July of 2019 would from time to time start at 6:00a.m and PLAINTIFFS would not take a meal period until after 11:00a.m. due to DEFENDANT's requirement that they complete certain job tasks as described herein. PLAINTIFFS would perform work at DEFENDANTS' location at 1104 N. Eastern Avenue in Los Angeles County and then later in the morning travel to dealerships to pick up vehicles. Typically the dealerships were approximately thirty minutes away from DEFENDANTS' work site described above. There were days in June of 2019 and July of 2019 and also continuing throughout the rest of their employment, where PLAINTIFFS would arrive back at DEFENDANT's location with the cars and they had already worked over five (5) hours for the work shift but PLAINTIFFS were not able to take a meal period because they were on the road driving for DEFENDANT. Additionally, PLAINTIFFS had no way to swipe their

badge out for a meal period because they were not at the facility but rather were driving on the road for DEFENDANT.  PLAINTIFFS estimate that they spent twenty (20) to thirty (30) minutes off the clock per workweek with DEFENDANT as a result of the job tasks described herein.  In these circumstances, DEFENDANT would unilaterally modify PLAINTIFFS time records to make it look as though PLAINTIFFS took a meal period prior to their fifth (5th) hour of work, but in fact PLAINTIFFS were working for DEFENDANT and PLAINTIFFS did not take a meal prior to their fifth (5th) hour of work for the work shift.  On these days, DEFENDANTS failed to pay PLAINTIFFS a meal break penalty and also failed to pay PLAINTIFFS the proper minimum and overtime wages as PLAINTIFFS were working off the clock on the road but DEFENDANT had them clocked out of DEFENDANT's timekeeping system.

49.   By the conduct alleged herein, DEFENDANT's practices are also unfair and deceptive in that DEFENDANT's policies, practices and procedures fail to provide mandatory meal and/or rest breaks to PLAINTIFFS and the CALIFORNIA CLASS members.

50.   Therefore, PLAINTIFFS demand on behalf of themselves and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

51.   PLAINTIFFS further demand on behalf of themselves and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

52.   By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the other members of the CALIFORNIA CLASS, including earned wages for all overtime worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

1    to unfairly compete against competitors who comply with the law.

2         53.    All the acts described herein as violations of, among other things, the Industrial

3    Welfare Commission Wage Orders, the California Code of Regulations, and the California

4    Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

5    oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

6    deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

7         54.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled

8    to, and do, seek such relief as may be necessary to restore to them the money and property

9    which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the

10   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

11   unfair business practices, including earned but unpaid wages for all overtime worked.

12        55.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are further

13   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

14   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

15   engaging in any unlawful and unfair business practices in the future.

16        56.    PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain,

17   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

18   of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

19   As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and

20   the other members of the CALIFORNIA CLASS have suffered and will continue to suffer

21   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

22   engage in these unlawful and unfair business practices.

23   ///

24   ///

25   ///

26   ///

27   ///

28
FIRST AMENDED CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**

**For Failure To Pay Overtime Compensation**

**[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

57.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

58.     PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate the applicable rates for all overtime worked by PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS and DEFENDANT's failure to properly compensate the members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.  Specifically, DEFENDANT from time to time requires PLAINTIFFS to work while clocked out during what was supposed to be PLAINTIFFS' off-duty meal breaks. PLAINTIFFS are from time to time interrupted by work assignments.  PLAINTIFFS work on DEFENDANT's Los Angeles County Sheriff's fleet maintenance team.  As part of their job tasks for DEFENDANT, PLAINTIFFS repair and maintain police vehicles for Los Angeles County.  Throughout their employment and more specifically for an example, in or around June and July of 2019, PLAINTIFFS would clock out for their meal periods but continue to work for DEFENDANT.  PLAINTIFFS' supervisor would direct them to work on police cars that came into DEFENDANT's shop while PLAINTIFFS were already clocked out for their off duty meal periods.  PLAINTIFFS did not clock back into DEFENDANT's timekeeping system when performing this maintenance and repair throughout their employment and more specifically in June and July of 2019 at the direction of DEFENDANT's supervisors.  This repair included but

was not limited to checking engines lights, maintaining the vehicle's tires, replacing headlights and/or batteries on the car.  Further, another job task performed by PLAINTIFFS was to travel to various dealerships for DEFENDANT to pick up vehicles that required warranty work. PLAINTIFFS' shifts in or around June and July of 2019 would from time to time start at 6:00a.m and PLAINTIFFS would not take a meal period until after 11:00a.m. due to DEFENDANT's requirement that they complete certain job tasks as described herein. PLAINTIFFS would perform work at DEFENDANT's location at 1104 N. Eastern Avenue in Los Angeles County and then later in the morning travel to dealerships to pick up vehicles. Typically, the dealerships were approximately thirty minutes away from DEFENDANT's work-site described above.  There were days in June of 2019 and July of 2019 and also continuing throughout the rest of their employment, where PLAINTIFFS would arrive back at DEFENDANT's location with the cars and they had already worked over five (5) hours for the shift but were not able to take a meal period because they were on the road driving for DEFENDANT.  Additionally, PLAINTIFFS had no way to swipe their badge out for a meal period because they were not at the facility but rather were driving on the road for DEFENDANT.  PLAINTIFFS estimate that they spent twenty (20) to thirty (30) minutes off the clock per workweek with DEFENDANT as a result of the job tasks described herein.  In these circumstances, DEFENDANT would unilaterally modify PLAINTIFFS time records to make it look as though PLAINTIFFS took a meal period prior to their fifth hour of work, but in fact PLAINTIFFS were working for DEFENDANT and PLAINTIFFS did not take a meal prior to their fifth (5th) hour of work for the work shift.  On these days, DEFENDANTS failed to pay PLAINTIFFS a meal break penalty and also failed to pay PLAINTIFFS the proper minimum and overtime wages as PLAINTIFFS were working off the clock on the road but DEFENDANT had them clocked out of DEFENDANT's timekeeping system.

59.   Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

60.   Cal. Lab. Code § 510 further provides that employees in California shall not be

FIRST AMENDED CLASS ACTION COMPLAINT

employed more than eight (8) hours per workday and/or more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

61.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

62.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

64.     DEFENDANT maintained a wage practice of paying PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of overtime worked and correct applicable overtime rate for the amount of overtime they worked. As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due for the overtime worked by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the correct applicable overtime wages for all overtime worked.

65.     DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denied accurate compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for all overtime worked, including, the work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.

66.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFFS and other members of the

CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

67.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

68.     Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, the PLAINTIFFS bring this Action on behalf of themselves and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

69.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

70.     DEFENDANT failed to accurately pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

71.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFFS and the other members of the

CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

72.     DEFENDANT knew or should have known that PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

73.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

74.     PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFFS

and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## THIRD CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

75.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

76.     PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum and reporting time wages to PLAINTIFFS and CALIFORNIA CLASS Members.

77.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

78.     Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

79.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

80.     DEFENDANT maintained a wage practice of paying PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFFS and the other members of the

CALIFORNIA LABOR SUB-CLASS. DEFENDANT requires these employees to work off the clock without paying them for all the time they were under DEFENDANT's control. Specifically, DEFENDANT from time to time requires PLAINTIFFS to work while clocked out during what was supposed to be PLAINTIFFS' off-duty meal breaks. PLAINTIFFS are from time to time interrupted by work assignments. PLAINTIFFS work on DEFENDANT's Los Angeles County Sheriff's fleet maintenance team. As part of their job tasks for DEFENDANT, PLAINTIFFS repair and maintain police vehicles for Los Angeles County. Throughout their employment and more specifically for an example, in or around June and July of 2019, PLAINTIFFS would clock out for their meal periods but continue to work for DEFENDANT as directed by DEFENDANT. PLAINTIFFS' supervisor would direct them to work on police cars that came into DEFENDANT's shop while PLAINTIFFS were already clocked out for their off duty meal periods. PLAINTIFFS did not clock back into DEFENDANT's timekeeping system when performing this maintenance and repair throughout their employment and more specifically in June and July of 2019 as directed by DEFENDANT's supervisors. This repair included but was not limited to checking engine lights, maintaining the vehicle's tires, replacing headlights and/or batteries on the car. Further, another job task performed by PLAINTIFFS was to travel to various dealerships for DEFENDANT to pick up vehicles that required warranty work. PLAINTIFFS' shifts in or around June and July of 2019 would from time to time start at 6:00a.m and PLAINTIFFS did not take a meal period until after 11:00a.m. due to DEFENDANT's requirement that they complete certain job tasks as described herein. PLAINTIFFS would perform work at DEFENDANT's location at 1104 N. Eastern Avenue in Los Angeles County and then later in the morning travel to dealerships to pick up vehicles that required warranty work. Typically, the dealerships were approximately thirty minutes away from DEFENDANT's work site described above. There were days in June of 2019 and July of 2019 and also continuing throughout the rest of their employment, where PLAINTIFFS would arrive back at DEFENDANT's location with the cars and PLAINTIFFS had already worked over five (5) hours for the shift but were not able to take a meal period because they

FIRST AMENDED CLASS ACTION COMPLAINT

were on the road driving for DEFENDANT.  Additionally, PLAINTIFFS had no way to swipe their badge out for a meal period because they were not at the facility but rather were driving on the road for DEFENDANT.  PLAINTIFFS estimate that they spent twenty (20) to thirty (30) minutes off the clock per workweek with DEFENDANT as a result of the job tasks described herein.  In these circumstances, DEFENDANT would unilaterally modify PLAINTIFFS time records to make it look as though PLAINTIFFS took a meal period prior to their fifth hour of work, but in fact PLAINTIFFS were working for DEFENDANT and PLAINTIFFS did not take a meal prior to their fifth (5th) hour of work for the work shift.  On these days, DEFENDANTS failed to pay PLAINTIFFS a meal break penalty and also failed to pay PLAINTIFFS the proper minimum and overtime wages as PLAINTIFFS were working off the clock on the road but DEFENDANT had them clocked out of DEFENDANT's timekeeping system.   Indeed there were days where PLAINTIFFS did not even receive a partial lunch.  As a result, PLAINTIFFS and other CALIFORNIA CLASS Members forfeit minimum wage and overtime compensation by working from time to time without their time being accurately recorded and without compensation at the applicable minimum wage and overtime rates. To the extent that the time worked off the clock did not qualify for overtime premium payment, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

81.   DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that denies accurate compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

82.   In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFFS and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission

requirements and other applicable laws and regulations.

83. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

84. During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT required, permitted or suffered PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members to work without paying them for all the time they were under DEFENDANT's control. PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

85. By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

86. DEFENDANT knew or should have known that PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

87. In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for

their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

88.     PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs

## FOURTH CAUSE OF ACTION

### For Failure to Provide Required Meal Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

89.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

90.     During the CALIFORNIA CLASS PERIOD, from time to time, DEFENDANT fails to provide all the legally required off-duty meal breaks to PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFFS and CALIFORNIA LABOR

SUB-CLASS MEMBERS does not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are from time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.  As a result, PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice. DEFENDANT requires these employees to work off the clock without paying them for all the time they were under DEFENDANT's control.  Specifically, DEFENDANT from time to time requires PLAINTIFFS to work while clocked out during what was supposed to be PLAINTIFFS' off-duty meal breaks.  PLAINTIFFS are from time to time interrupted by work assignments.  PLAINTIFFS work on DEFENDANT's Los Angeles County Sheriff's fleet maintenance team.  As part of their job tasks for DEFENDANT, PLAINTIFFS repair and maintain police vehicles for Los Angeles County.  Throughout their employment and more specifically for an example, in or around June and July of 2019, PLAINTIFFS would clock out for their meal periods but continue to work for DEFENDANT as directed by DEFENDANT. PLAINTIFFS' supervisor would direct them to work on police cars that came into DEFENDANT's shop while PLAINTIFFS were already clocked out for their off duty meal periods.  PLAINTIFFS did not clock back into DEFENDANT's timekeeping system when performing this maintenance and repair throughout their employment and more specifically in June and July of 2019 as directed by DEFENDANT's supervisors.  This repair included but was not limited to checking engine lights, maintaining the vehicle's tires, replacing headlights and/or batteries on the car.  Further, another job task performed by PLAINTIFFS was to travel to various dealerships for DEFENDANT to pick up vehicles that required warranty work. PLAINTIFFS' shifts in or around June and July of 2019 would from time to time start at

6:00a.m and PLAINTIFFS did not take a meal period until after 11:00a.m. due to DEFENDANT's requirement that they complete certain job tasks as described herein. PLAINTIFFS would perform work at DEFENDANT's location at 1104 N. Eastern Avenue in Los Angeles County and then later in the morning travel to dealerships to pick up vehicles that required warranty work. Typically, the dealerships were approximately thirty minutes away from DEFENDANT's work site described above. There were days in June of 2019 and July of 2019 and also continuing throughout the rest of their employment, where PLAINTIFFS would arrive back at DEFENDANT's location with the cars and PLAINTIFFS had already worked over five (5) hours for the shift but were not able to take a meal period because they were on the road driving for DEFENDANT. Additionally, PLAINTIFFS had no way to swipe their badge out for a meal period because they were not at the facility but rather were driving on the road for DEFENDANT. PLAINTIFFS estimate that they spent twenty (20) to thirty (30) minutes off the clock per workweek with DEFENDANT as a result of the job tasks described herein. In these circumstances, DEFENDANT would unilaterally modify PLAINTIFFS time records to make it look as though PLAINTIFFS took a meal period prior to their fifth hour of work, but in fact PLAINTIFFS were working for DEFENDANT and PLAINTIFFS did not take a meal prior to their fifth (5th) hour of work for the work shift. On these days, DEFENDANTS failed to pay PLAINTIFFS a meal break penalty and also failed to pay PLAINTIFFS the proper minimum and overtime wages as PLAINTIFFS were working off the clock on the road but DEFENDANT had them clocked out of DEFENDANT's timekeeping system. Indeed there were days where PLAINTIFFS did not even receive a partial lunch.

91.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

92.    As a proximate result of the aforementioned violations, PLAINTIFFS and

CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### For Failure to Provide Required Rest Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

93.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

94.     PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees are denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.  PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.  Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control.  In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must

relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricts PLAINTIFFS and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which requires PLAINTIFFS and other CALIFORNIA CLASS Members to remain on the work premises during their rest period.   A true and correct copy of DEFENDANT's rest break policy is attached hereto as **Exhibit #1**.  In or around June and July of 2019 and continuing throughout the rest of their employment, PLAINTIFFS followed DEFENDANT's uniform policy and remained on DEFENDANT's premises for the duration of their rest periods.  During the time in which PLAINTIFFS should have been on their off duty paid rest periods, police cars would arrive with maintenance requests and because PLAINTIFFS were required to remain on the premises by DEFENDANT's managers and DEFENDANT's company policy, PLAINTIFFS would also then be required to perform maintenance work as needed and directed by PLAINTIFFS' supervisors.  This maintenance work included, but was not limited to, replacing batteries, changing tires, replacing headlights and tail lights, and or performing other diagnostic testes on the vehicles. PLAINTIFFS were never paid rest period violation penalties by DEFENDANTS for these interrupted rest periods in June and July of 2019 and continuing throughout the rest of their employment with DEFENDANT..

95.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who are not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

96.    As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

1  suit.

2  ## SIXTH CAUSE OF ACTION

3  **For Failure to Provide Accurate Itemized Statements**

4  **[Cal. Lab. Code § 226]**

5  **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

6  **Defendants)**

7      97.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

8  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

9  paragraphs of this Complaint.

10     98.    Cal. Labor Code § 226 provides that an employer must furnish employees with

11  an "accurate itemized" statement in writing showing:

12     (1) gross wages earned,

13     (2) total hours worked by the employee, except for any employee whose compensation

14     is solely based on a salary and who is exempt from payment of overtime under

15     subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

16     Commission,

17     (3) the number of piecerate units earned and any applicable piece rate if the employee

18     is paid on a piece-rate basis,

19     (4) all deductions, provided that all deductions made on written orders of the employee

20     may be aggregated and shown as one item,

21     (5) net wages earned,

22     (6) the inclusive dates of the period for which the employee is paid,

23     (7) the name of the employee and his or her social security number, except that by

24     January 1, 2008, only the last four digits of his or her social security number or an

25     employee identification number other than a social security number may be shown on

26     the itemized statement,

27     (8) the name and address of the legal entity that is the employer, and

28
45

FIRST AMENDED CLASS ACTION COMPLAINT

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

99.     From time to time, DEFENDANT also fails to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned and correct amount of time worked.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Specifically, DEFENDANT violated Section 226 by failing to identify the correct rates of pay and number of hours worked, including for the "Retro Pay," item of pay, which is a wage payment.  DEFENDANT issued Plaintiff Loaiza a wage statement in February 22, 2019 that listed a line item "Retro Pay" in the amount of $471.37. DEFENDANT failed to list any hours worked or rate at which this money was earned associated with this wage payment in violation of Cal. Lab. Code 226(a)(9).  A true and correct copy of Plaintiff Loaiza's wage statement issued on February 22, 2019 is attached hereto as **Exhibit #2**.   DEFENDANT issued Plaintiff Guillen a wage statement on September 27, 2019 that listed a line item entitled "Retro Pay" in the amount of $3,170.90.  DEFENDANT failed to list any hours worked or rate at which this money was earned associated with this wage payment in violation of Cal. Lab. Code 226(a)(9). A true and correct copy of Plaintiff Guillen's wage statement issued on September 27, 2019 is attached hereto as **Exhibit #3**. Additionally, for the reasons set forth in paragraphs Numbers 11, 12, and 13 of this Complaint regadring PLAINTIFFS being required to work of the clock and not be paid the correct minimum and overtime wages, DEFENDANT issued pay statements to PLAINTIFFS that failed to list the correct gross wages earned in violation of Cal. Lab. Code Section 226(a)(1).  Aside, from the violations listed above in this paragraph, DEFENDANT fails to issue to PLAINTIFFS an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.* As a result, DEFENDANT from time to time provides

1 PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with wage

2 statements which violated Cal. Lab. Code § 226.

3    100.   DEFENDANT knowingly and intentionally failed to comply with Cal. Labor

4 Code § 226, causing injury and damages to the PLAINTIFFS and the other members of the

5 CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

6 expended calculating the correct rates for the overtime worked and the amount of employment

7 taxes which were not properly paid to state and federal tax authorities.  These damages are

8 difficult to estimate.  Therefore, PLAINTIFFS and the other members of the CALIFORNIA

9 LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

10 initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

11 violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

12 to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

13 PLAINTIFFS and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

14

15                    **SEVENTH CAUSE OF ACTION**

16             **For Failure to Reimburse Employees for Required Expenses**

17                        **[Cal. Lab. Code § 2802]**

18       **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

19                             **Defendants)**

20    101.   PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS members

21 reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

22 of this Complaint.

23        Cal. Lab. Code § 2802 provides, in relevant part, that:

24       An employer shall indemnify his or her employee for all necessary expenditures
         or losses incurred by the employee in direct consequence of the discharge of his
25       or her duties, or of his or her obedience to the directions of the employer, even
         though unlawful, unless the employee, at the time of obeying the directions,
26       believed them to be unlawful.

27    102.   In the course of their employment PLAINTIFFS and other CALIFORNIA

28
                                    47
                    FIRST AMENDED CLASS ACTION COMPLAINT

LABOR SUB-CLASS Members as a business expense, are required by DEFENDANT to purchase and supply their own tools and equipment that are necessary to perform services as auto technicians for DEFENDANT.  DEFENDANT violated Cal. Lab. Code. Section 2802 and IWC Wage Order Section 9(B) with respect to PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS Members because DEFENDANT requires these employees to supply their own tools and equipment to perform services for DEFENDANT but fails to reimburse for such expenses, or, in the alternative, pay PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members at least two time the minimum wage.  As a result, in the course of their employment with DEFENDANT, PLAINTIFFS and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which include, but are not limited to, costs related to the purchase of their own tools and equipment all on behalf of and for the benefit of DEFENDANT.

103.   PLAINTIFFS therefore demand reimbursement for expenditures or losses incurred by her and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

**EIGHTH CAUSE OF ACTION**

**For Failure to Pay Wages When Due**

**[Cal. Lab. Code §§ 201, 202, 203]**

**(By Plaintiff Zamora and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

104.   Plaintiff Zamora, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

105.   Cal. Lab. Code § 200 provides that:

As used in this article:

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

106.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

107.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

108.    There was no definite term in Plaintiff Zamora's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

109.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

110.    The employment of Plaintiff Zamora and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of wages, to these employees who are owed minimum and overtime wages for the off the clock work described in this complaint, as required by law.

111.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, Plaintiff Zamora demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA

LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1.  On behalf of the CALIFORNIA CLASS:

    A)  That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)  An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)  An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFFS and the other members of the CALIFORNIA CLASS; and,

    D)  Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

2.  On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)  That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)  Compensatory damages, according to proof at trial, including compensatory damages for minimum wage and overtime compensation due PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C)  Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

FIRST AMENDED CLASS ACTION COMPLAINT

D)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

E)    For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F)    The amount of the expenses PLAINTIFFS and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

G)    The wages of all terminated employees from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3.    On all claims:

A)    An award of interest, including prejudgment interest at the legal rate;

B)    Such other and further relief as the Court deems just and equitable; and,

C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §226, §1194 and/or §2802.


Dated: August 28, 2020        BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP



By:  */s/ Norman Blumenthal*
        Norman B. Blumenthal
        Attorneys for Plaintiffs

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2

PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4

Dated: August 28, 2020          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6

7

By:   */s/ Norman Blumenthal*

8

Norman B. Blumenthal
Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

52

FIRST AMENDED CLASS ACTION COMPLAINT