O

# United States District Court
# Central District of California

| | |
|---|---|
| ANGEL ZAMORA, GABRIEL LOAIZA and JORGE GUILLEN, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>PENSKE TRUCK LEASING CO., L.P., a Limited Partnership; and DOES 1 through 50, inclusive,<br><br>　　　　　　　Defendants. | Case No. 2:20-cv-02503-ODW (MRWx)<br><br>**ORDER GRANTING MOTION TO DISMISS AND/OR STRIKE CLASS CLAIMS FROM FIRST AMENDED COMPLAINT [34]** |

## I.　INTRODUCTION

On January 31, 2020, Plaintiffs Angel Zamora, Gabriel Loaiza, and Jorge Guillen (collectively, "Plaintiffs") filed this putative class action in the Los Angeles Superior Court against their employer, Defendant Penske Truck Leasing Co., L.P. (Notice of Removal ("Notice"), Ex. A ("Compl."), ECF No. 1-1.)  On March 16, 2020, Defendant removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1441, 1446, and 1453 ("CAFA").  (Notice ¶¶ 4–5, ECF No. 1.)  Plaintiffs moved to remand, and Defendant moved to dismiss the Complaint.  (*See* Mot. Remand,

ECF No. 12; Mot. Dismiss Compl., ECF No. 11.) The Court denied the motion to remand and granted the motion to dismiss in part, with leave for Plaintiffs to amend. (Order Denying Mot. Remand & Granting in Part Mot. Dismiss Compl., ECF No. 30.) Plaintiffs then filed a First Amended Complaint ("FAC"). (FAC, ECF No. 33.)

Now, Defendant moves to dismiss or strike the class claims from the FAC. (Mot. Dismiss Class Claims FAC ("Motion" or "Mot."), ECF No. 34.) The Motion is fully briefed. (*See id.*; Opp'n Mot. ("Opp'n"), ECF No. 37; Reply ISO Mot. ("Reply"), ECF No. 39.) For the following reasons, the Motion is **GRANTED**.[1]

## II. BACKGROUND

Plaintiffs bring this putative class action against Defendant on behalf of themselves and the class they seek to represent. With their FAC, Plaintiffs again allege eight claims against Defendant: (1) violation of California Business and Professions Code sections 17200, *et seq.* ("UCL"); (2) failure to pay overtime compensation; (3) failure to pay minimum wages; (4) failure to provide required meal periods; (5) failure to provide required rest periods; (6) failure to provide accurate itemized statements; (7) failure to reimburse employees for required expenses; and (8) failure to pay wages when due. (*See* FAC.)

The gist of Plaintiffs' new factual allegations is that "[Plaintiffs] work on [Defendant's] Los Angeles County Sheriff's fleet maintenance team," and "[a]s part of their job tasks for [Defendant], [Plaintiffs] repair and maintain police vehicles for Los Angeles County." (*Id.* ¶¶ 11, 48, 58, 80, 90.) The FAC goes on to describe several ways in which Defendant allegedly violated the UCL and applicable labor laws, based on Plaintiffs' personal experiences on Defendant's Los Angeles County Sheriff's fleet maintenance team. (*See* Opp'n 1–3 (citing FAC).)

Significantly, Plaintiffs also bring their claims "on behalf of a California class, defined as *all individuals who are or previously were employed by [Defendant] in*

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

*California as non-exempt employees* . . . at any time during the period beginning on the date four (4) years prior to the filing of" the FAC (the "Class"). (FAC ¶ 21 (emphasis added).) Plaintiffs also state, in perhaps every conclusory articulation possible, that the action is appropriate for class certification. (*See, e.g.*, *id.* ¶¶ 28–30.)

Previously, the Court denied Defendant's request to dismiss class claims from the original Complaint. (Order Denying Mot. Remand & Granting in Part Mot. Dismiss Compl. 15.) At the time, the Court determined Defendant's request was premature, and that the sufficiency of class allegations was best determined on a motion for class certification in due time. (*Id.*) Nevertheless, in light of Plaintiffs' amendments in the FAC, Defendant once again moves to dismiss Plaintiffs' class allegations. (*See* Mot.)[2]

### III. LEGAL STANDARD

A court may dismiss all or part of a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However,

---

[2] Because the Court grants Defendant's Motion under Rule 12(b)(6), the Court need not consider Defendant's alternative request to strike the class allegations under Rule 12(f), and declines to do so.

a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A court dismissing a complaint should provide leave to amend if the complaint could be saved by amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *see also* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave when justice so requires."). Reasons to deny leave to amend include "bad faith, undue delay, prejudice to the opposing party, and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilly Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV.   DISCUSSION

Defendant moves to dismiss the class allegations from the FAC on the ground that Plaintiffs fail to allege any factual basis for the alleged class. (*See generally* Mot.) Defendant does not challenge the *sufficiency* of Plaintiffs' allegations insofar as they establish claims on behalf of Plaintiffs themselves; rather, Defendant merely argues the FAC is devoid of any factual basis for bringing Plaintiffs' claims on behalf of *every non-exempt worker Defendant employed in all of California over the past four years*. (Reply 1–5.) Defendant contends that Plaintiffs' allegations, even taken as true, show only that Defendant is responsible for labor violations at a single Los Angeles location, with respect to a handful of individuals—i.e., the mechanics who service police vehicles for Defendant's Los Angeles County Sheriff's fleet maintenance team. (Mot. 5; Reply 7–8.) Over Plaintiffs' protest, the Court agrees with Defendant.

Despite their many arguments suggesting otherwise, Plaintiffs acknowledge class allegations may sometimes be dismissed at the pleading stage. (*See* Opp'n 5, 11, 18–19); *see also, e.g.*, *Ovieda v. Sodexo Ops., LLC*, No. CV 12-1750-GHK (SSx), 2012 WL 1627237, at *4 (C.D. Cal. May 7, 2012) (dismissing class claims where "Plaintiff allege[d] no facts to demonstrate or even suggest that any member of the

putative class had similar work experiences"). Defendant argues this case fits the bill for dismissing class claims at the pleading stage, as Plaintiffs assert no factual basis to demonstrate that Plaintiffs (as members of the Los Angeles County Sheriff's fleet maintenance team) had similar work experiences as the rest of the alleged Class. (*See generally* Mot.; Reply.)

In opposition, Plaintiffs maintain their claims are sufficiently alleged because each claim is supported with factual allegations regarding Plaintiffs' personal experiences on the Los Angeles County Sheriff's fleet maintenance team. (Opp'n 9–17.) Plaintiffs also emphasize that each cause of action includes an allegation that the claim is brought on behalf of Plaintiffs *and the Class*. (*Id.*) Thus, Plaintiffs insist Defendant's Motion is an improper attempt to prematurely decide class certification under the guise of a motion to dismiss. (*See generally id.*)

However, Plaintiffs' arguments suffer from a basic logical disconnect. Whether Plaintiffs adequately allege claims on their own behalf is beside the point. Plaintiffs do not assert any factual support for their class allegations. Rather, Plaintiffs merely allege that their claims are also brought on behalf of the Class. Without any factual support, and especially in light of the new facts in the FAC, the Court finds such leaps implausible. For instance, Plaintiffs claim Defendant failed to reimburse them for purchasing tools and equipment necessary for servicing police vehicles. (FAC ¶¶ 9, 15, 47, 102.) Plaintiffs also allege this claim is brought on behalf of every worker Defendant employed in California over the past four years (which includes secretaries, human resources employees, accounting employees, and more). (*See id.*; Mot. 11.) This will not do. Plaintiffs cannot point to a fish in the surf to force Defendant on a deep-sea charter. *See Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No. SACV 14-1093 AG (ANx), 2015 WL 12912337, at *4–5 (C.D. Cal. Mar. 16, 2015) ("[I]f a class action complaint could survive a motion to dismiss based merely on the need for class discovery, then many, if not all, class action complaints would have expansive class allegations and definitions to permit a fishing expedition during discovery.").

Perhaps some or all of Plaintiffs' claims can plausibly be asserted on behalf of the putative Class in an amended pleading. But for now, the class claims in the FAC are **DISMISSED**.

### V. CONCLUSION

In summary, Defendant's Motion to Dismiss Class Claims from the FAC is **GRANTED**. (ECF No. 34.) The class allegations in Plaintiffs' FAC are **DISMISSED with leave to amend**. If Plaintiffs file a Second Amended Complaint, they must do so within twenty-one (21) days of this Order, and Defendant shall file its response in accordance with Rule 15(a)(3). If Plaintiffs do not timely file an amended pleading, Defendant shall file an Answer to the FAC within thirty-five (35) days of this Order.

**IT IS SO ORDERED.**

March 3, 2021

_____
                **OTIS D. WRIGHT, II**
         **UNITED STATES DISTRICT JUDGE**